IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RYAN C. SALAZAR,<br>Institutional ID No. 2476330,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN HASTINGS, *et al.*,<br><br>Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 5:23-CV-054-BQ |

## ORDER

Defendants Joshua Cisneros, Samuel Delarosa, and Stephen Hastings have filed Answers and asserted the defense of qualified immunity. ECF Nos. 72, 75. Now before the Court are two documents titled "Motion for Opposition" to Defendants' assertion of qualified immunity filed by pro se Plaintiff Ryan C. Salazar, which the Court construes as replies to Defendants' Answers. ECF Nos. 77, 82. Salazar's filings, which challenge Defendants' qualified immunity defense, are improperly filed and are therefore frivolous. *See* ECF Nos. 77, 82. Salazar did not seek leave to file his replies, nor did the Court order him to do so. Under Rule 7, courts retain discretion to allow a reply to an answer. FED. R. CIV. P. 7(a)(7) (providing that the *only* pleadings allowed include "a reply to an answer," "*if* the court orders one" (emphasis added)). The Court finds a reply unnecessary at this stage. *See Garner v. Morales*, 237 F.R.D. 399, 400 (S.D. Tex. 2006) (explaining that generally, "[a] reply to an answer is not necessary"). Accordingly, the Court **STRIKES** document numbers 77 and 82. *See* FED. R. CIV. P. 12(f).

As this Court has repeatedly explained to Salazar, he cannot file something whenever he pleases. *See, e.g.*, ECF No. 49. The local and federal rules, along with the Court's orders, set forth the procedures by which Salazar must conduct this suit. In the absence of a rule or order permitting

him to file something as a matter of course, he **must** file a motion that clearly explains the relief he is seeking from the Court (e.g., a motion asking for leave to file a Rule 7(a)(7) reply). Salazar is admonished that frivolous filings by prisoners consume inordinate amounts of scarce judicial resources, and may delay the Court in hearing and resolving valid complaints. *See Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994). Salazar is cautioned that if he continues to file frivolous documents in this case, sanctions will be imposed against him. Such sanctions may include monetary sanctions or a complete bar to filing pleadings without leave of Court.

**SO ORDERED.**

Dated: May 17, 2024.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE