IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| RYAN C. SALAZAR, § | |
| Institutional I.D. No. 173119, § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION No. 5:23-CV-054-BQ |
| § | |
| UNKNOWN POLICE DOG § | |
| HANDLER (K-9), *et al.,* § | |
| *Defendants.* § | |

### DEFENDANTS' RESPONSE AND BRIEF TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE, D. GORDON BRYANT JR.:

COME NOW Defendants Joshua Cisneros, Samuel Delarosa, Stephen Hastings, and Joseph Jaramillo, and file their Response and Brief to Plaintiff's Motion for Appointment of Counsel (Doc. 83),[1] and in support thereof would show the Court as follows:

### I.
### PLAINTIFF'S MOTION MUST BE DENIED BECAUSE
### HE FAILS TO MEET THE LEGAL STANDARD FOR HAVING COUNSEL APPOINTED

"A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that courts may request an attorney to represent a litigant proceeding *in forma pauperis*, courts are not empowered to make compulsory appointments in civil actions. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301-02 (1989).

---

[1] This is the Plaintiff's fourth motion to appoint counsel.

In determining whether to appoint counsel in a civil rights case, the Court may base its decision on several factors, including:

1. The type and complexity of the case;

2. The petitioner's ability to adequately present and investigate his case;

3. The presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4. The likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

The Plaintiff ultimately bears the burden of persuasion as to the necessity of having counsel appointed. *See Margin v. Soc. Sec. Admin.*, No. CIV.A. 08-4605, 2009 WL 3673025, at *1 (E.D. La. Oct. 28, 2009) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)).

The Plaintiff has not shown any inability to set forth his claims for relief, nor has he shown that extraordinary circumstances are involved that would justify the appointment of counsel at this stage of the case. This is not an overly complex case. The Plaintiff has also filed other federal lawsuits. *See* Cause Nos. 5:23-CV-00138-C; and 5:23-CV-00221-C. Although he was unsuccessful in those lawsuits, his filings demonstrated an ability to comprehend the legal process and set forth his claims. Despite the Plaintiff's assertion that he is a mental health patient he has shown his ability to file numerous motions in this case. He testified during a *Spears* hearing which demonstrated his ability to understand the legal process, articulate his claims, and demonstrate his ability to represent himself. Based upon the transcript and the Clerk's docket, the hearing lasted from 1:59 p.m. to 2:59 p.m. During this hour if the Court thought that the Plaintiff had a disability

preventing him from understanding the questions and that the Plaintiff could not represent himself it likely would have already entered an order. The transcript undercuts the Plaintiff's argument that he needs counsel appointed.

Therefore, the Court should deny the Plaintiff's motion.

WHEREFORE, PREMISES CONSIDERED, Defendants Joshua Cisneros, Samuel Delarosa, Stephen Hastings, and Joseph Jaramillo respectfully request that the Court deny the Plaintiff's requested relief.

    Respectfully submitted,

    */s/ Matt D. Matzner*
    MATT D. MATZNER
    Texas Bar No. 00797022
    MORGAN DAY VAUGHAN
    Texas Bar No. 24060769
    CRENSHAW, DUPREE & MILAM, L.L.P.
    P.O. Box 64479
    Lubbock, Texas 79464-4479
    Telephone: (806) 762-5281
    Facsimile: (806) 762-3510
    mmatzner@cdmlaw.com
    mvaughan@cdmlaw.com
    ***Counsel for Joshua Cisneros, Samuel Delarosa, Stephen Hastings, and Joseph Jaramillo***

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 21st day of May, 2024, served as follows:

**VIA CERTIFIED MAIL, RRR**
**NO #9589 0710 5270 0998 3347 88**
Ryan C. Salazar
#2476330
TDCJ Middleton Unit
13055 FM 3522
Abilene, TX 79601
*Pro se Plaintiff*

                                      */s/ Matt D. Matzner*
                                      OF COUNSEL